UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:18-cr-00352-TWP-MPB-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| CORDNEY THURMAN | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cr-00352-TWP-MPB |
| ) | |
| CORDNEY THURMAN, ) | |
| ) | |
| Defendant. ) | |

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

This matter is before the Court on Defendant Cordney Thurman's ("Thurman") *pro se* Motion for Compassionate Release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A) (Dkt. 133). In addition, Thurman has asked the Court for the appointment of counsel, and for a hearing on his request for counsel (Dkt. 133 at 8; Dkt. 135). For the reasons explained below, his motions are **denied**.

### I.   BACKGROUND

In January 2020, Thurman pled guilty to Count Four: Interstate Travel in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1952(a)(3) (Dkt. 87 at 1). The Court sentenced him to 40 months of imprisonment and 3 years of supervised release. *Id.* at 2-3. Thurman was subsequently released and placed on supervised release. *See* Dkt. 130. In January 2023, Thurman admitted to five violations of supervised release: (1) Failure to Report Change of Address, (2) Use of a Controlled Substance, (3) Failure to Report for Drug Testing, (4) Failure to Participate in Substance Abuse Treatment Services, and (5) Failure to Participate in GPS Monitoring with Home Confinement. *Id.* at 1. He was ordered to serve 24 months imprisonment for the violations of supervised release. *Id.* at 2. The Bureau of Prisons ("BOP") lists Thurman's anticipated release

2

date (with good-conduct time included) as September 24, 2024. https://www.bop.gov/inmateloc/ (last visited October 18, 2023).

Thurman argues that extraordinary and compelling reasons for compassionate release exists because the mother of his child is in poor health, and he is needed at home to provide care for her and their child. (Dkt. 133 at 1.) He also asks the Court to appoint counsel. *Id.* at 8. And in a separate motion, Thurman requests a hearing on his motion for appointment of counsel. (Dkt. 135.) The Court can resolve these motions without a response from the Government.

## II.   DISCUSSION

### A.   Request for Counsel

Thurman has requested the appointment of counsel to represent him in this matter. (Dkt. 133 at 8.) He states that he needs counsel to aid speedy resolution of his motion and to present his motion with greater clarity. *Id.* There is no statutory authority entitling a defendant to counsel when pursuing a compassionate release motion. *See United States v. Blake*, 986 F.3d 756 (7th Cir. 2021). Accordingly, Thurman's request for the appointment of the federal public defender's office is **denied**.

Because the Court is unable to appoint counsel, it *sua sponte* considers whether pro bono counsel should be recruited. When addressing recruitment of pro bono counsel, "the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving

to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Thurman has not indicated whether he has attempted to contact any attorneys with requests for representation. The Court concludes that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978. As for the second inquiry, Thurman has clearly and competently presented his motion and the subject matter is not difficult. Thurman has not shown that pro bono counsel should be recruited.

Under the circumstances here, Thurman is not entitled to appointed counsel or the recruitment of pro bono of counsel and his request for appointment of counsel is **denied**. Accordingly, a hearing on the appointment of counsel is not necessary, and the Motion for a Hearing on Appointment of counsel is **denied.**

**B.     Compassionate Release**

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing

4

'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

The Court will assume without deciding that Thurman has established that his need to care for his wife and child is an extraordinary and compelling reason for compassionate release. The Court nevertheless finds that Thurman is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor. The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Weighing in Thurman's favor, he will have employment upon release, (Dkt. 133 at 6-7), and his criminal history is minimal, (Dkt. 79 at 7-8). Weighing against him, Thurman is currently incarcerated because he admitted to five violations of his supervised release. Specifically, he tested positive for controlled substances on several occasions, his whereabouts were unknown for a period of time, he failed to respond to communications from his probation officer, he failed to provide a valid address and failed to make himself available for installation of his GPS monitoring equipment. At his hearing the parties jointly recommended a sentence of 24 months imprisonment

with no further supervision to follow. (Dkt. 128 at 3). Thurman showed no respect for the law or and performed extremely poorly during his supervised release. Considering Thurman's history and characteristics; that he was sentenced on the supervised release violation less than one year ago and is not scheduled to be released from prison until September 2024; releasing him now would be a substantial reduction which would not reflect the seriousness of the offense.

In light of these considerations, the Court finds that releasing Thurman early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III.   CONCLUSION

For the reasons stated above, Thurman's Motion for Compassionate Release and for the appointment of counsel, Dkt. [133], and his Motion for a hearing on the appointment of counsel, Dkt. [135], are **DENIED**.

**SO ORDERED.**

Date: 10/25/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Cordney Thurman, #16437-028
Federal Correctional Institution Oxford
P.O. Box 1000
Oxford, Wisconsin  53952

All registered counsel